IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JILLIAN WATKINS,

          Plaintiff,

v.                                CIVIL ACTION NO. 3:22-0109

LINCARE INC.,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion to Reconsider Order Prohibiting Recovery of Emotional Distress Damages Under the West Virginia Patient Safety Act. ECF No. 14. For the reasons below, the Court **DENIES** this Motion. *Id.*

**I. BACKGROUND**

Plaintiff alleges that Defendant Lincare, Inc. violated the West Virginia Patient Safety Act (WVPSA), W. Va. Code § 16-39-4, by retaliating against her and terminating her employment following her good-faith reports of wrongdoing. Compl. ¶ 51, ECF No. 1. In her Complaint, Plaintiff requests, *inter alia*, "all remedies afforded under the WVPSA, lost wages and benefits, back pay, front pay, damages for loss of indignity, embarrassment, humiliation, aggravation, and emotional distress." *Id.* ¶ 52. Defendant moved to dismiss the Complaint on April 22, 2022, arguing that Plaintiff had failed to state a claim upon which relief could be granted because Plaintiff was not a "healthcare worker" and the individuals served by Lincare were not "patients" within the meaning of the WVPSA. Mem. of L. in Supp. of Def. Lincare Inc.'s Mot. to Dismiss at 5-7, ECF No. 7; Def. Lincare Inc.'s Mot. to Dismiss, ECF No. 6. Additionally, Defendant argued that

should the Court allow Plaintiff's claims to proceed, it should dismiss her claim for emotional damages, as they are not recoverable under the WVPSA. Mem. of L. in Supp. of Def. Lincare Inc.'s Mot. to Dismiss at 7-8, ECF No. 7.

On May 26, 2022, the Court denied Defendant's motion to dismiss in part and granted it in part. ECF No. 11. The Court found that Plaintiff had stated a claim under the WVSPA for which relief could be granted, as she had sufficiently alleged that she was a "healthcare worker" serving "patients" within the meaning of the WVPSA. *Id.* at 6-7. However, as to the emotional distress damages, the Court found that the WVPSA did not authorize damages for "loss of dignity, embarrassment, humiliation, aggravation, and emotional distress." *Id.* at 8. Plaintiff has since moved for the Court to reconsider its Order insofar as it prohibits emotional distress damages under the WVPSA. Pl.'s Mot. to Reconsider Order Prohibiting Recovery of Emotional Distress Damages Under the WVPSA, ECF No. 14. The issue has been fully briefed. Def. Lincare's Resp. to Pl.'s Mot. to Reconsider, ECF No. 19; Pl.'s Reply in Supp. of Pl.'s Mot. to Reconsider, ECF No. 20.

## II. ANALYSIS

This Court has previously addressed the issue of whether emotional distress damages are recoverable under the WVPSA. *Hawley v. Hospice of Huntington*, No. 3:19-0759, 2021 WL 4783633 (S.D.W. Va. Oct. 13, 2021). In *Hawley*, this Court held that the WVPSA does not authorize punitive or emotional damages—while plaintiffs in West Virginia are entitled to emotional damages under retaliatory discharge claims that carry "a sufficient indicia of intent," the Supreme Court of Appeals of West Virginia (SCAWV) has cautioned that these damages should be carefully applied. *Id.* at *1 (citing *Harless v. First Nat'l Bank in Fairmont*, 289 S.E.2d 692, 702 (W. Va. 1982) and *Mace v. Charleston Area Med. Ctr. Found.*, 422 S.E.2d 624 (W.Va. 1992)). For example, the SCAWV has held that emotional distress damages, when awarded

without proof of physical trauma, are essentially the same as punitive damages. *Id.* (citing *Dzlinglski v. Weirton Steel Corp.*, 445 S.E.2d 219, 229 (W. Va. 1994)).

Plaintiff argues that the Court's previous holding is incorrect for three reasons: (1) in *Mace*, the SCAWV actually upheld damages for emotional distress in a retaliatory discharge case; (2) the West Virginia legislature has indicated that the WVPSA authorizes "actual damages," and existing caselaw indicates that emotional distress damages constitute "actual damages"; and (3) this Court will ultimately be the trier of fact and is therefore able to assess the appropriate amount of damages based on the evidence. Pl.'s Mot. to Reconsider at 1-2, ECF No. 14. Defendant first contends that this motion is improper because it raises arguments that could have been raised prior to judgment. Def.'s Resp. to Pl.'s Mot. to Reconsider at 2, ECF No. 19. Even if this were not the case, Defendant argues that no language in the WVPSA allows for "any category of emotional and/or general damages" and that the cases cited by Plaintiff are inapposite in that they deal with common law, rather than statutory, causes of action. *Id.* at 3. The Court addresses each of these arguments in turn.

A. Standard of review

The Court can reach this issue. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, this Court "retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." *American Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003). Although Rule 54(b) gives the Court flexibility to revise its interlocutory orders, its "discretion is subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Va., LLC*, 899 F.3d 236, 257 (4th Cir. 2018) (internal quotation marks and citation omitted). Therefore, "a court

may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Id.* (internal quotation marks and citation omitted). In this case, Plaintiffs indicate the Court should reconsider its prior decision because it constitutes clear error causing a manifest injustice, a permissible purpose under Rule 54(b). The Court, therefore, rejects Defendant's argue insofar as it alleges this motion is improperly raised.

B. <u>Damages available under the WVPSA</u>

The Court first looks to the plain language of the statute in reconsidering its prior holding. "[W]hen the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Van Alstyne v. Elec. Scriptorium, Ltd.*, 560 F.3d 199, 204 (4th Cir. 2009) (quoting *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004)). When interpreting the plain language of a statute, courts give terms their "ordinary, contemporary, common meaning, absent an indication Congress intended [them] to bear some different import." *Id.* (quoting *North Carolina v. Tenn. Valley Auth.*, 515 F.3d 344, 351 (4th Cir. 2008)).

The WVPSA provides, in pertinent part:

> A court, in rendering a judgment for a complainant in an action under this article, shall order, as the court considers appropriate, reinstatement of the health care worker, the payment of back wages, full reinstatement of fringe benefits and seniority rights, actual damages, or any combination of these remedies. A court may also award the complainant, all or a portion of the costs of litigation, including reasonable attorneys fees and witness fees, if the court determines that the award is appropriate.

W. Va. Code § 16-39-6. The issue here is whether the term "actual damages" encompasses damages for "loss of dignity, embarrassment, humiliation, aggravation, and emotional distress," as alleged by Plaintiff. Compl. ¶ 52, ECF No. 1. The Court finds that it does not.

The purview of "actual damages" has long been debated. Because of its "chameleon-like quality," the Supreme Court has clarified that the term must be considered "in the particular context in which it appears." *FAA v. Cooper*, 566 U.S. 284, 294 (2012). Plaintiff argues that while the SCAWV has not ruled on the particular issue of whether damages for emotional distress are available under the WVPSA, it has held that the term "actual damages" encompasses emotional damages under the Fair Credit Reporting Act, Syl Pt. 2, *Jones v. Credit Bureau of Huntington*, 399 S.E.2d 694 (W. Va. 1990). Additionally, Plaintiff points out dicta in which the SCAWV has indicated that "actual damages" includes damages for emotional distress. *See Mortgage v. Cole*, 740 S.E.2d 562, 568 (W. Va. 2013) (examining an award of civil penalties sans an award of actual damages under the West Virginia Consumer Credit and Protection Act); *Mustafis v. Erie Ins. Exchange*, 328 S.E.2d 675, 690 (W. Va. 1985) (examining an award of punitive, but not actual, damages under the Unfair Trade Practices Act); *Criss v. Criss*, 356 S.E.2d 620 (W. Va. 1987) (awarding compensatory and punitive damages for assault and battery and intentional infliction of emotional distress). These cases, however, are not analogous. Each involves a fundamentally different cause of action, and in each case, the plaintiff was also awarded punitive damages. The SCAWV, therefore, would have no reason to contemplate instances where emotional damages would impermissibly "assume the cloak of punitive damages," as punitive damages were explicitly recoverable under the applicable statute. *Mace*, 422 S.E.2d at 634.

Contrary to these statutes, the WVPSA does not authorize punitive damages. *Austin v. Preston Cnty. Comm'n*, No. 1:13CV135, 2014 WL 5148581, at *25 (N.D.W. Va. Oct. 14, 2014)

(holding that punitive damages are unavailable under an identically-worded provision of the Whistle-Blower Act). In reaching its holding then, this Court must account for the fact that emotional damages sans a physical injury can slip into the realm of punitive damages. Looking to the particular context in which "actual damages" appears, the Court notes that the language of the statute does not support an award of emotional damages. The WVPSA contains a number of specific forms of relief, including back wages and attorneys fees—the former of which represents notably specific statutory language and the latter of which is not often provided for in statutory language. Given that these forms of relief are specified, and emotional damages are not, the Court holds that the plain language of the WVPSA does not authorize emotional damages.

Finally, though references to *Harless* resound throughout briefing, the Court distinguishes a claim for damages under the WVPSA and a claim pursuant to *Harless*. In *Harless*, the SCAWV held that retaliatory discharge claims carried a "sufficient indicia of intent" to allow for damages for emotional distress. 289 S.E.2d at 702. The court had previously upheld a plaintiff's right to recover damages for emotional distress, even in the absence of a physical injury or subsequently developed physical injury, though such damages were predicated on some intentional wrong of the defendant. *Id.* at 701 (listing cases "where emotional distress recovery has been permitted where the underlying cause of action involved an intentional tort."). The cases cited, however, all arise under common law. *Id. Mace* is similarly inapposite—though the underlying claim involved retaliatory discharge, it arose from a common law action for violation of substantial public policy. 422 S.E.2d at 630-31. As both parties point out, these holdings have limited applicability where, as here, the Court is faced with an issue of statutory interpretation. Def.'s Resp. to Pl.'s Mot. to Reconsider at 3, ECF No. 19; Pl.'s Reply in Supp. of Mot. to Reconsider at 1-2, ECF No. 20.

### III. CONCLUSION

The plain language of the WVPSA does not allow for recovery of emotional damages, including damages for "loss of dignity, embarrassment, humiliation, aggravation, and emotional distress." Compl. ¶ 52, ECF No. 1. Accordingly, the Court **DENIES** Plaintiff's Motion to Reconsider Order Prohibiting Recovery of Emotional Distress Damages Under the West Virginia Patient Safety Act. ECF No. 14.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: March 31, 2023

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE