**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

JILLIAN WATKINS,

Plaintiff,

v. CIVIL ACTION NO. 3:22-0109

LINCARE INC.,

Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Jillian Watkins's Motion for Leave to File Amended Complaint. ECF No. 90. For the reasons below, the Court **GRANTS** this Motion (ECF No. 90) and **DIRECTS** the Clerk to file Plaintiff's Amended Complaint (ECF No. 90-1).

Plaintiff filed a single-count Complaint on March 2, 2022, in which she alleged that Defendant Lincare retaliated against her in violation of the West Virginia Patient Safety Act (WVPSA). Compl. ¶¶ 48-53, ECF No. 1. Lincare filed a motion to dismiss the Complaint, which the Court denied in part and granted in part. ECF No. 11. The Court found that though Ms. Watkins had sufficiently alleged that she was a healthcare worker interacting with patients under the WVPSA, the Act does not allow recovery of emotional distress damages. *Id.* at 8. Ms. Watkins filed a motion to reconsider the Court's holding as to emotional distress damages on June 6, 2022. Pl.'s Mot. to Reconsider Order Prohibiting Recovery of Emotional Distress Damages Under the WVPSA, ECF No. 14. The Court denied Plaintiff's motion to reconsider in a Memorandum Opinion and Order dated March 31, 2023. ECF No. 87. The instant motion to amend followed on April 11, 2023. Pl.'s Mot. for Leave to File Am. Compl., ECF No. 90.

In the proposed Amended Complaint, Ms. Watkins seeks to add two new claims relating to Lincare's termination of her employment: (1) a *Harless* claim premised on Lincare Inc.'s alleged

violation of the substantial public policy set forth in False Claims Act (FCA), and (2) a claim for the tort of outrage. Am Compl. ¶¶ 68-78, 79-84, ECF No. 90-1. Ms. Watkins argues that the Court should allow her to amend the Complaint because the *Harless* and outrage claims arise out of Lincare's delayed production of "critical, highly relevant documents." Mem. of L. in Sup. Of Pl.'s Mot. for Leave to File Second Am. Compl. at 3, ECF No. 91. Lincare responds that Ms. Watkins's current efforts to amend the Complaint stem from a lack of diligence, and in the alternative, that the claims she seeks to add via the Amended Complaint are futile. Def. Lincare Inc.'s Opp. to Pl.'s Mot. for Leave to File Am. Compl. at 1-2, ECF No. 101.

While courts give leave to amend a complaint "when justice so requires," Fed. R. Civ. P. 15(a)(2), a party moving to amend after the deadline has passed must first meet the good cause standard under Federal Rule of Civil Procedure (FRCP) 16(b) to warrant a divergence from the scheduling order. *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). To amend a pleading, a party must therefore meet two standards: 1) the FRCP 16(b) good cause standard, predicated on the diligence of the moving party, and 2) the FRCP 15(a) standard, predicated on whether the opposing party would be prejudiced by the proposed amendment. *Marcum v. Zimmer*, 163 F.R.D. 250, 254 n.8 (S.D.W. Va. 1995). The Court will address each of these standards below.

I. FRCP 16(b)

Starting with Rule 16(b), Plaintiff has shown good cause for amending the Complaint. Rule 16(b)(4) provides that the scheduling order may only be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Courts determine whether the moving party has shown good cause to amend by considering that party's diligence in doing so, including "the timeliness of the amendment and the reasons for its tardy submission." *Montgomery v. Anne Arundel Cnty.*, 182 F. App'x 156, 162 (4th Cir. 2006) (citations omitted).

While Lincare argues that Ms. Watkins's additional claims are an attempt to "circumvent the Court's ruling on her available recovery," Def.'s Opp. to Pl.'s Mot. for Leave to File Am. Compl. at 2, ECF No. 101, Ms. Watkins points to Lincare's tardy production of key documents as reason for the delayed motion to amend, Mem. of L. in Supp. of Pl.'s Mot. for Leave to File Am. Compl. at 3, ECF No. 91. Ms. Watkins notes that she timely filed a motion to compel in November 2022, which was granted in part on February 27, 2023. *Id.* (citing ECF No. 39); ECF No. 81. In response to this ruling, Lincare produced documents on March 13, 2023, upon which Ms. Watkins claims to base the *Harless* and outrage claims in the Amended Complaint. Mem. of L. in Supp. of Pl.'s Mot. for Leave to File Am. Compl. at 4-5, ECF No. 91. Ms. Watkins alleges she shared an early draft of the proposed Amended Complaint with opposing counsel on March 28, 2023, three days before the Court denied her motion for reconsideration regarding available damages under the WVPSA. *Id.* at 6; ECF No. 87. After conferring with opposing counsel to remove the confidential designations on pertinent exhibits, Ms. Watkins promptly filed the instant Motion to Amend on April 11, 2023. *Id.*; Mot. for Leave to File Am. Compl., ECF No. 90.

Given Defendant's delayed production of key documents, Ms. Watkins has acted diligently and shown that good cause exists to amend the pleading. *See Stewart v. Coyne Textile Servs*., 212 F.R.D. 494, 497 (S.D.W. Va. 2003) ("This Court will not allow Defendants to benefit by their discovery violations by placing the onus on Plaintiff to seek amendment of her claims before Defendants have supplied their responses."). Ms. Watkins did not "cavalierly disregard" the scheduling order—rather, she acted with due diligence in seeking the amendment. *Clark v. Anderson Merchandisers, LLC*, No. 3:15-0384, 2016 WL 1715189, at *2 (S.D.W. Va. Apr. 27, 2016). Therefore, the Court finds Ms. Watkins has met the "good cause" standard of Rule 16(b).

II. FRCP 15(a)

Continuing to Rule 15(a), Ms. Watkins has also shown that the amendment would not be futile: the *Harless* claim is not barred, and she has pleaded facts sufficient to support a claim for outrage. Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit has further instructed courts to "liberally allow amendment" under this Rule, as it encourages a policy of "resolving cases on the merits, instead of on technicalities." *United States ex rel. Nicholson v. MedCom Carolinas, Inc.*, 42 F.4th 185, 197 (4th Cir. 2022) (citations omitted). Still, courts should deny leave to amend a pleading where 1) the amendment would prejudice the opposing party, 2) the moving party has exercised bad faith, or 3) the amendment would be futile. *Id.*; *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012). In assessing whether a proposed amendment is futile, courts apply the same standard applicable to a motion to dismiss. *United States. ex rel. Ahumada* v. *NISH*, 756 F.3d 268, 274 (4th Cir. 2014).

Lincare argues that the proposed amendment is futile for two reasons. First, Lincare argues that West Virginia law does not allow a *Harless* claim where there is already a statutory scheme for recovery, and even if it did, West Virginia courts have yet to recognize that the FCA sets forth a substantial public policy. Def.'s Opp. to Pl.'s Mot. for Leave to File Am. Compl. at 1-2, ECF No. 101. Second, Lincare argues that Ms. Watkins has not alleged facts sufficient to establish a claim for outrage. *Id.*

*a. Harless claim*

Starting with the *Harless* claim, the proposed amendment is not futile. Though West Virginia is an at-will employment state, employers may not discharge employees to contravene a substantial public policy of the state. Syl. Pt. 1, *Harless v. First Nat'l Bank in Fairmont*, 246 S.E.2d

270 (W. Va. 1978); *see also Beegle v. Wexford Health Sources, Inc.*, No. 3:22-0084, 2023 WL 3485276, at *3 (S.D.W. Va. May 16, 2023) (listing cases). To state a *Harless* claim for retaliatory discharge, plaintiffs must show the following:

> (1) That a clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the clarity element);
> (2) That dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the jeopardy element);
> (3) That plaintiff's dismissal was motivated by conduct related to the public policy (the causation elements);
> (4) The employer lacked overriding legitimate business justification for the dismissal (the overriding justification element).

*Collins v. Lowe's Home Ctrs.*, No. 3:17-1902, 2017 WL 6061980, at *3 (S.D.W. Va. Dec. 7, 2017) (quoting *Herbert J. Thomas Mem'l Hosp. Ass'n v. Nutter*, 795 S.E.2d 530, 541 (W. Va. 2016)). Lincare does not argue Ms. Watkins has pleaded insufficient facts as to this claim, but rather that she is precluded from bringing both a common law *Harless* claim for retaliatory discharge and a statutory claim for such. Def.'s Opp. to Pl.'s Mot. for Leave to File Am. Compl. at 8-10, ECF No. 101. Alternatively, Lincare claims West Virginia courts have not yet spoken on whether the FCA contains a substantial public policy sufficient to support a *Harless* claim. *Id.* at 11-12.

Neither argument has merit. First, while Lincare argues that a *Harless* claim is unavailable where there is already a statutory cause of action regarding the conduct at issue, both the Supreme Court of West Virginia and this Court have allowed a plaintiff to pursue a common law *Harless* claim and a statutory claim at the motion to dismiss stage. *Burke v. Wetzel Cnty. Comm.*, 815 S.E.2d 520, 536-39 (W. Va. 2018); *Beegle v. Wexford Health Sources, Inc.*, No. 3:22-0084, 2023 WL 3485276, at *4 (S.D.W. Va. May 16, 2023); *see also Vandevander v. Verizon Wireless, LLC*, 149 F. Supp. 3d 724, 731 (S.D.W. Va. 2016) ( "[U]nder West Virginia law, if an individual has suffered discharge in violation of a substantial public policy of West Virginia, that individual has

a common law retaliatory discharge claim against the employer, even if that individual also has statutory remedies for the employer's action.").

Moreover, allowing Ms. Watkins to bring both claims presents little danger of double recovery. As this Court has previously found, emotional damages are not recoverable under the WVPSA, ECF No. 87 at 7, though they are recoverable in *Harless* actions, *Harless v. First Nat'l Bank in Fairmont* (*Harless II*), 289 S.E.2d 692, 700-03 (W. Va. 1982); *see also* WVPSA, W. Va. Code § 16-39-6 (not explicitly providing for emotional damages). Here, Ms. Watkins is seeking, among other things, "all actual damages for loss of indignity, embarrassment, humiliation, aggravation, and emotional distress." Proposed Am. Compl. at 17, ECF No. 90-1. A jury could therefore award Ms. Watkins emotional damages for the *Harless* claim which are otherwise unavailable under the WVPSA.

Defendant's argument that the FCA does not set forth a substantial public policy is also off-base. Def.'s Opp. to Pl.'s Mot. for Leave to File Am. Compl. at 11, ECF No. 101. In identifying whether there is a substantial public policy sufficient support a *Harless* claim, courts look to the "state or federal constitution, statute or administrative regulation, or in the common law." *Feliciano v. 7-Eleven*, 559 S.E.2d 713, 723 (W. Va. 2001) Additionally, public policy can also be manifested in "established precepts in our . . . judicial opinions." *Nutter*, 795 S.E.2d at 541. At least one court in this district has interpreted *Feliciano* to mean that "West Virginia law specifically allows for federal statutes [to be] a source for public policy." *Williams v. Basic Contracting Services, Inc.*, No. 5:09-cv-00049, 2010 WL 3244888, at *9 (S.D.W. Va. Aug. 17, 2010).

Here, judicial opinions indicate that the FCA sets forth a substantial public policy. The Supreme Court of West Virginia has explicitly noted that "[i]t is axiomatic that Medicare fraud is a violation of public policy." *Nutter*, 795 S.E.2d at 542. Other courts, both in and outside of this

district, have similarly found that the FCA sets forth a substantial public policy. *See, e.g.*, *Boone v. MountainMade Found.*, 857 F. Supp. 2d 111, 114 (D.D.C. 2012) ("West Virginia law permits Plaintiffs' [*Harless*] claim even if based solely on the public policy embodied in the False Claims Act"); *Williams*, 2010 WL 3244888, at *10 ("Little legal creativity is required to conclude that it would be the substantial public policy of this or any other state to encourage citizens to come forward when a wrong is being done to the government, and then protect that citizen from retaliation."); *Jones v. Res-Care Inc.*, No. CC-17-2021-C-164 (Cir. Ct. Harrison Cnty, W. Va. April 22, 2023), ECF No. 106-2 (recognizing the FCA sets forth a substantial public policy).

Accordingly, the *Harless* claim is not futile. Plaintiff is entitled to bring this claim alongside her statutory one, and the FCA sets forth a substantial public policy sufficient to support a *Harless* claim.

*b. Outrage claim*

Ms. Watkins has also pleaded facts sufficient to support a claim for outrage. To state a claim for outrage, a plaintiff must show:

> (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency;
> (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct;
> (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and,
> (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Weigle v. Pifer*, 139 F. Supp. 3d 760, 777 (S.D.W. Va. 2015) (quoting *Travis v. Alcon Labs.*, 504 S.E.2d 419, 425 (W. Va. 1998)). To be outrageous, a defendant's conduct cannot simply be "unreasonable, unkind or unfair"—rather, "it must truly offend community notions of acceptable conduct." *Id.* (quoting *Travis*, 504 S.E.2d at 425). A wrongful discharge claim differs from a claim

for outage in that the former "depends solely on the validity of the employer's motivation or reason for the discharge," and the latter depends on whether "the employee's distress results from the outrageous manner by which the employer effected the discharge." Syl. Pt. 2, *Dzinglski v. Weirton Steel Corp.*, 445 S.E.2d 219 (W. Va. 1994).

For example, in *Clark*, this Court found that a plaintiff stated a claim for outrage where she alleged that a district manager 1) knowingly lied about the plaintiff not reporting to work, and 2) falsely claimed that other employees had corroborated the plaintiff's failure to report to work. 2016 WL 1715189, at *3. The plaintiff had adequately established a causal connection between her severe emotional distress and the defendant's wrongdoing, as the facts pleaded indicated that the district manager had acted intentionally and recklessly and in such a way as to attack the plaintiff's moral character. *Id.*

Similarly, here, Ms. Watkins has alleged that Lincare terminated her employment because she reported conduct that effectively defrauded the federal government. Proposed Am. Compl. ¶ 80, ECF No. 90-1. Additionally, Ms. Watkins points to Lincare's alleged "deceit during the discharge, and its subsequent cover up of its own fraudulent conduct" as sufficient to support her outrage claim. Pl.'s Reply in Supp. of Pl.'s Mot. for Leave to File an Am. Compl. at 3, ECF No. 106. Finally, Ms. Watkins has alleged that Lincare's actions were done with intentional or reckless disregard for her rights, causing lost wages and benefits, loss of dignity, embarrassment, humiliation, aggravation, and emotional distress. Proposed Am. Compl. ¶¶ 82-84, ECF No. 90-1.

Given that the pending motion is one to amend and the proposed Amended Complaint must be construed liberally, the Court does not find that Ms. Watkins's claim for outrage is frivolous or legally deficient on its face. *Clark*, 2016 WL 1715189, at *3 (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)). In assessing whether Ms. Watkins's claim for outrage would

be futile, the Court need only determine that the conduct can "reasonably be regarded as so extreme and outrageous as to constitute the intentional or reckless infliction of emotional distress." Syl. Pt. 4, *Travis*, 504 S.E.2d. It is then the role of jury to determine whether the conduct is in fact outrageous. *Id.* Ms. Watkins has therefore pleaded facts sufficient to state a claim for outrage that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Finally, the amendment will not prejudice Lincare. The trial in this case is not scheduled until March 5, 2024, and the new claims are related to the one raised in Ms. Watkins's original Complaint. *See Clark*, 2016 WL 1715189, at *3. There is also no evidence that Ms. Watkins acted in bad faith or was purposefully dilatory in filing her motion to amend. Ms. Watkins has therefore met the standard for amending a pleading under Rule 15(a).

For the reasons above, the Court finds that Ms. Watkins has met the standards for amending a pleading set forth in Rules 15(a) and 16(b). Accordingly, the Court **GRANTS** Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 90) and **DIRECTS** the Clerk to file Plaintiff's Amended Complaint (ECF No. 90-1).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: June 23, 2023

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE