IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JILLIAN WATKINS,**

  **Plaintiff,**

v.               Case No.:  3:22-cv-00109

**LINCARE, INC.,**

  **Defendant.**

## MEMORANDUM OPINION AND ORDER

  Pending is Defendant Lincare Inc.'s ("Lincare") Motion to Compel Discovery Responses from Plaintiff Jillian Watkins. (ECF No. 134). Plaintiff filed a Memorandum in Opposition to the Motion to Compel, (ECF No. 143), and Lincare has replied. (ECF No. 145). Therefore, the matter is fully briefed, and oral argument will not be necessary to resolve the dispute.

  This case involves the alleged wrongful termination of Plaintiff's employment by Lincare. On April 6, 2023, Lincare served Plaintiff with various discovery requests, including Requests for Admission. Plaintiff responded to the requests, and the responses triggered a discovery deficiency letter from Lincare. (ECF No. 135 at 4). After some email exchanges between counsel, Plaintiff served Lincare with amended responses, which resolved some of the issues; however, some disputes remained. (*Id.*). Lincare currently challenges the sufficiency of Plaintiff's answers to eight Requests for Admission, including Request Nos. 2, 6, 7, 8, 9, 10, 28 and 29, and asks the Court to compel Plaintiff to change the answers she has provided to the requests. For the reasons that follow, the Court

1

**GRANTS**, in part, and, **DENIES**, in part, the Motion to Compel, (ECF No. 134)..

I.     Requests for Admission

Rule 36 of the Federal Rules of Civil Procedure provides that "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." *See* Fed. R. Civ. P. 36(a)(1). Matters within Rule 26(b)(1) include: "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1). The purpose of requests for admission is twofold: first, they are sought "to facilitate proof with respect to issues that cannot be eliminated from the case"; and second, they serve "to narrow the issues by eliminating those that can be." Fed. R. Civ. P. 36, advisory committee's note to 1970 amendment.

When responding to a request for admission, a party must admit or specifically deny it, or state in detail why the answering party cannot truthfully admit or deny it. *See* Fed. R. Civ. P. 36(a)(4). "A denial must fairly respond to the substance of the matter, and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." *Id*. An answer to a request for admission must not be evasive. *Lynn v. Monarch Recovery Mgmt., Inc.*, 285 F.R.D. 350, 368 (D. Md. 2012) (citations omitted). If the answering party asserts lack of knowledge for failing to admit or deny the request, the party must confirm that it made a

reasonable inquiry and the information it knows or that was reasonably available was insufficient to enable it to admit or deny the request. *See* Fed. R. Civ. P. 36(a)(4). In addition, the answering party may object to a request for admission, but must state the reason for the objection and may not object solely on the ground that the request presents a genuine issue for trial. *See* Fed. R. Civ. P. 36(a)(5). When the objection "applies only to a portion of the request, the responding party must unambiguously answer the portion of the request it can." *City of Ann Arbor Employees' Ret. Sys. v. Sonoco Prod. Co.*, No. CV 4:08-2348-TLW-SVH, 2011 WL 13199217, at *2 (D.S.C. Feb. 17, 2011). To summarize, Rule 36 allows the following responses to a request for admission: (1) an admission; (2) a denial; (3) a detailed explanation as to why the matter can be neither admitted nor denied, which may include a lack of knowledge and insufficient information after reasonable inquiry; (4) a good faith qualified response that admits certain matters, if possible, but denies or gives a qualified answer to the rest; or (5) an objection on a clearly stated ground—for example, on the basis that the matter demanded to be admitted is beyond the scope of discovery permitted by Fed. R. Civ. P. 26(b)(1). *See* Rule 36(a)(4); *also Michael v. Wes Banco Bank, Inc.*, No. CIVA 5:04CV46, 2006 WL 1705935, *2 (N.D.W. Va. June 16, 2006).

The requesting party may move the court to determine the sufficiency of an answer or objection to a request for admission. *See* Fed. R. Civ. P. 36(a)(6). "The analysis into whether the answers or objections are sufficient focuses on the specificity of the response and not on whether the response is factually correct." *Bolick v. Thompkins*, No. CV 5:20-2888-RBH-KDW, 2022 WL 20016085, at *2 (D.S.C. Feb. 4, 2022) (quoting *Auto-Owners' Insurance Co. v. Gordon & Assocs., Inc.*, 9:15-4063-RMG, 2016 WL 11509964, at *3 (D.S.C. June 2, 2016)) (internal marking omitted). As further explained in *Mayes v.*

3

*City of Hammond, Indiana*:

> Typically, the ability to prove sufficiency hinges on the specificity of the response; not the response's accuracy. A motion to determine sufficiency is not an appropriate vehicle to litigate the correctness of a response as Rule 36 does not permit the court to determine whether a response is supported by evidence before trial. If a party believes a response to a request to admit is incorrect, the appropriate remedy under Rule 26 is to prove the matter at trial, and then apply to the court for reasonable expenses, including reasonable attorney fees, in making that proof.

*Mayes*, No. 2:03-CV-379-PRC, 2006 WL 2251877, at *2 (N.D. Ind. Aug. 1, 2006) (quoting *Climco Coils Co. v. Siemens Energy & Automation, Inc.,* 2006 WL 850969, *1 (N.D. Ill. Mar. 28, 2006)). "Courts examining motions regarding the sufficiency of a Rule 36 response may deny relief where the responding party can provide some explanation that contextualizes a challenged response." *Ball-Rice v. Bd. of Educ. of Prince George's Cnty.*, No. CIV.A. PJM-11-1398, 2013 WL 2299725, at *2 (D. Md. May 24, 2013). Unless the court finds an objection to be justified, it must order that an answer be served. *Id.* If the court finds that an answer to a request for admission does not comply with Rule 36, it may order that the matter in the request be admitted, or it may allow the answering party to serve an amended answer. *Id.* If an answering party fails to admit what is requested under Rule 36, and the matter is later proven to be true, the answering party may be subject to sanctions under Fed. R. Civ. P. 37(c)(2).

**II. Discussion**

Although Lincare titles its motion as one to compel, Plaintiff responded to all of the challenged requests for admission. Therefore, the motion is properly considered as a Motion to Determine the Sufficiency of Answers or Objections to Requests for Admission pursuant to Rule 36(a)(6). Accordingly, the relevant standards under that Rule shall be applied. Each challenge is considered in turn.

A.     **Request For Admission ("RFA") No. 2**

**RFA:** Admit that Plaintiff changed a setting on a CPAP device for Lincare Patient 161.

**RESPONSE**: Denied. Objection, vague and ambiguous as to the term "changed". Otherwise, consistent with Lincare's training and expectations, the directives of supervisors, consistent with Plaintiff's regular work duties and responsibilities, and using the username and password provided by Lincare, Plaintiff accessed Care Orchestrator, Encore, and Air View to remotely change settings based on a physician's order. To be clear, Will Reynolds and Sherry Robinson and others participated in training along with Ms. Watkins during which Ms. Watkins was trained on how to use the Lincare systems to change CPAP device settings per a physician order.

Lincare states that Plaintiff was terminated from employment, in part, because she changed settings on this patient's CPAP device in contravention of policy and law. (ECF No. 135 at 6). Lincare argues that Plaintiff denies the request for admission, but then proceeds to admit the substance of the request. (*Id.*). In essence, Lincare accuses Plaintiff of being evasive in her answer to avoid the negative effect of the admission.

Plaintiff responds that she is not being evasive; rather, the word "change" requires context. (ECF No. 143 at 8-9). Plaintiff explains that she did not "change" the settings in the medical sense of the word. Instead, a physician decided that the settings on the CPAP device needed to be changed as part of the patient's treatment plan and wrote a prescription ordering the settings to be changed. Plaintiff then remotely "reset" the CPAP device in keeping with the physician's order. In other words, she merely carried out and documented the physician's order as she was authorized and trained to do by her employer, Lincare. Plaintiff accuses the request of being written to be intentionally misleading and ambiguous in its use of the term "change," which required her to provide an objection, qualified answer, and denial.

In its reply memorandum, Lincare reiterates that Plaintiff has no justification for

denying the request for admission given that she admits she remotely "changed" the settings. As such, the evidence supports an unequivocal admission, not a denial followed by an objection to the request for admission. Lincare states: "Whether or not changing a setting is proper or improper, permitted or not, is for another day." (ECF No. 145 at 3). While Lincare does not directly respond to Plaintiff's argument that the word "change" has two connotations in this case—one that could elicit an admission by Plaintiff and one that could elicit a denial—Lincare's statement suggests that Plaintiff's argument has legitimacy.

Although used during the discovery process, a request for admission is not a true discovery device. As stated earlier, the purpose of requests for admission is to narrow the issues for trial, not uncover new information. *See, e. g., Montgomery v. Crothall Healthcare, Inc.*, No. 1:20-CV-01154-JRR, 2022 WL 4537784, at *1 (D. Md. Sept. 28, 2022) ("[R]equests for admissions are not a true discovery device as they are not designed for discovery of facts, but rather to establish facts about which there is no real dispute.") (citing *Erie Ins. Prop. & Cas. Co. v. Johnson, et al*, 272 F.R.D. 177, 183 (S.D.W. Va. 2010)). When a party denies a request for admission and provides a reasonable explanation for the denial, "[r]elief may be inappropriate where the request 'breed[s] additional litigation because one party is dissatisfied with the answer of another.'" *Keralink Int'l, Inc. v. Stradis Healthcare, LLC*, No. CV CCB-18-2013, 2021 WL 1198150, at *5 (D. Md. Mar. 30, 2021) (quoting *Singhal & Co., Inc. v. VersaTech, Inc.*, No. JKB-19-1209, 2020 WL 6119325, at *5 (D. Md. Oct. 16, 2020)). As clarified in *Keralink, Int'l*, "courts decline to evaluate the bona fides or truthfulness of responses to requests for admission, which would 'encourage[ ] more litigation, the converse of the purpose behind permitting one party to demand the other to admit the truth of a certain statement.'" *Id.* (quoting *Nat'l*

*Semiconductor Corp. v. Ramtron Int'l Corp.*, 265 F. Supp. 2d 71, 74-75 (D.D.C. 2003)). In other words, when the answering party provides a clear and unequivocal response to a request for admission, the court will not determine that the response is insufficient and compel the party to change its answer simply because the moving party produces evidence to show that the answer is unsupported by the weight of the evidence. *Superior Sales W., Inc. v. Gonzalez*, 335 F.R.D. 98, 102 (W.D. Tex. 2020) ("District courts across the country, as well as preeminent treatises on federal civil procedure, agree that Rule 36 does not authorize the court to make determinations on the accuracy of responses before trial. Stated differently, if a responding party files a response that contains the proper detail, the propounding party may not challenge the denial on the ground that it is unsupported by the evidence.") (internal markings and citations omitted).

Here, Plaintiff has demonstrated two different contexts for the request, which would result in opposite responses. If Plaintiff was asked to admit that she remotely reset or altered ("changed" in that sense of the word) the settings on Patient 161's CPAP machine based upon the written order of a physician, then she apparently would admit the request. If she was asked if she unilaterally changed the settings, or changed them without a written physician order, then she would deny the request. Accordingly, the request for admission does not narrow the issues in this case in any useful manner. To the contrary, all it accomplishes is to highlight the factual disputes between the parties. Rule 36 is not intended as a tool to elicit an admission on a statement that, "although containing some truth, conveys unwarranted and unfair inferences, when placed out of context of the whole truth." *Anthony v. Cabot Corp.*, No. CIV.A. 06-CV-4419, 2008 WL 2645152, at *1 (E.D. Pa. July 3, 2008). In that situation, "qualifications" are "generally permitted." *Id.* Request for Admission No. 2 is just such a request.

7

Plaintiff denied the request. She also objected to the request and provided an explanation for the objection. She then added a qualified answer that attempted to clarify the basis of her objection and denial. While there is nothing inherently wrong or evasive about Plaintiff's response when the full explanation is given, the undersigned does find the wording of the answer to be unnecessarily confusing; indeed, without the further illumination supplied in Plaintiff's opposition memorandum, the qualified answer would have appeared hopelessly contradictory. Moreover, the answer contains information regarding Plaintiff's training with other employees that simply does not respond to the substance of the request. Notwithstanding Plaintiff's inartful wording of the answer, her opposition memorandum sufficiently elucidates her point, and based upon that explanation, the Court finds the objection justified and a qualified answer likewise acceptable, because they point out how the "changing" of CPAP settings is a genuine factual matter in dispute and not simply an evasive play on words.

Nevertheless, the undersigned agrees that the portion of the answer containing the qualification must be amended to clearly convey the information contained in Plaintiff's memorandum regarding her statements that she remotely "reset" or "altered" the CPAP machine settings pursuant to a physician's order as instructed and authorized by Lincare, but did not "change" the settings, as that is a physician function accomplished by writing a prescription. Therefore, the motion is **GRANTED**, in part, and **DENIED**, in part, as to RFA No. 2. Plaintiff is **ORDERED** to serve an amended answer to RFA No. 2 within **ten (10) days** of the date of this Order that clarifies her denial, objection, and qualified answer, as set forth above, and removes the extraneous information which does not respond to the substance of the request.

### B. Request For Admission No. 6

**RFA:** Admit that prior to January 8, 2021, Plaintiff allowed or directed Danielle Davis to sign INR paperwork.

**Response:** Deny. See RFA No. 5.

Lincare states that it terminated Plaintiff, in part, because she did not properly supervise employees under her direction. (ECF No. 135 at 7-8). As an example, Lincare claims that Plaintiff supervised Danielle Davis, who was an unlicensed patient account representative. Lincare contends that it learned during an investigation that Ms. Davis had signed paperwork that was required by Lincare policy to be signed by a licensed clinician, and that Plaintiff was either aware that Ms. Davis had signed the paperwork, or Plaintiff specifically directed Ms. Davis to do so. (*Id.* at 7). Lincare acknowledges that Plaintiff denied the request for admission; however, Lincare challenges the portion of the response that refers to Plaintiff's answer to RFA No. 5. In that response, Plaintiff stated: "Ms. Davis executed INR paperwork on an interim basis subject to an RT's signature. … Plaintiff did not direct Ms. Davis to sign the INR paperwork. But Plaintiff did require that if Ms. Davis was not permitted to sign the INR paperwork, then a respiratory therapist would have to redo the appropriate paperwork and retrain the patient." (*Id.*). Lincare argues that these statements establish that Plaintiff was "aware of" and therefore "allowed" Ms. Davis to sign the paperwork, even if she did not direct her to do so. Lincare again labels Plaintiff's response as evasive, indicating that it attempts to avoid the substance of the admission. (*Id.* at 8).

In her memorandum in opposition, Plaintiff flatly denies that she "allowed" or "directed" Ms. Davis to sign the INR paperwork. (ECF No. 143 at 10). She also objects to the request as vague and ambiguous, stating that she was not given any instruction by

9

Lincare regarding how the paperwork was to be completed when no respiratory therapists were on staff at the Lincare facility supervised by Plaintiff. Plaintiff claims that there are documents which support her version of the facts, as they corroborate that she never allowed nor directed non-clinicians to sign paperwork or set up equipment. (*Id*.). She argues that Lincare, not Plaintiff, "allowed" the situation to occur (non-clinicians signing paperwork requiring clinician signatures) by serving thousands of patients out of the facility supervised by Plaintiff without a single respiratory therapist on staff. (ECF No. 143 at 10). In its reply, Lincare continues to argue the evidence and submits various exhibits to prove its point that Plaintiff was aware of and thus "allowed" Ms. Davis to sign INR paperwork. (ECF No. 145 at 4-5). Lincare posits that Plaintiff's denial is improper and she should be compelled to answer the request correctly.

      Once again, Lincare misunderstands the purpose of a motion to determine the sufficiency of an answer or objection. "The court must … view motions for relief under Rule 36 in light of the purpose of requests for admission: 'to narrow the array of issues before the court, and thus expedite both the discovery process and the resolution of the litigation.'" *Keralink Int'l, Inc.*, 2021 WL 1198150, at *5 (quoting *Singhal & Co., Inc.*, 2020 WL 6119325, at *5). Plaintiff has denied the request, which is a sufficient response. As noted, the sufficiency (or insufficiency) of a response refers to its ***specificity***, not whether it is ***correct*** or even in good faith. *Foretich v. Chung,* 151 F.R.D. 3, 5 (D.D.C. 1993) (holding that regardless of its accuracy, a denial to a request for admission is "sufficient," and the federal rules "do not allow the defendants to litigate, at this time, whether the plaintiff was justified in denying their request."). Rule 36 does not authorize a court to make a factual determination about the denial. *Operation Rescue Nat'l,* 111 F. Supp. 2d 948, 968 (S.D. Ohio 1992) (citing *Lakehead Pipe Line Co. v. American Home*

*Assurance,* 177 F.R.D. 454, 458 (D. Minn. 1997) ("Rule 36(a) does not authorize a Court to [render prospectively] determinations concerning the accuracy of a denial to a Request for Admission, or to order that the subject matter of the request be admitted because the opposing party's unequivocal denial is asserted to be unsupported by the evidence."); *also Roe v. Bishop of Charleston*, No. 2:21-CV-00020-RMG, 2021 WL 4272595, at *4 (D.S.C. Sept. 20, 2021) (citing *Lakehead Pipe Line Co.,* 177 F.R.D. at 458). Consequently, Lincare's Rule 36(a) motion cannot be sustained on the ground that Plaintiff's answer to RFA No. 6 is contrary to the evidence. *A & V Fishing, Inc. v. Home Ins. Co.*, 145 F.R.D. 285, 287 (D. Mass. 1993). Rather, the remedy for false answers lies in Rule 37, not in Rule 36(a)(6). *Id.*

While Plaintiff's denial to RFA No. 6 is a sufficient response, the Court does have a problem with Plaintiff referring Lincare to the response to RFA No. 5, although not for the reasons raised by Lincare. RFA No. 5 asks Plaintiff to admit that she was "aware" that Ms. Davis signed INR paperwork. After objecting to RFA No. 5, Plaintiff admits the request, but then proceeds to provide extraneous information regarding her training, the lack of respiratory therapists at Lincare's facility, and what she required to be done if Ms. Davis was not permitted to sign INR paperwork—none of which goes to the substance of RFA No. 5. Similarly, with the exception of one line—"Plaintiff did not direct Ms. Davis to sign the INR paperwork"—the remainder of the qualified answer to RFA No. 5 does not respond to the substance of RFA No. 6. Indeed, the word "allowed" was not included in RFA No. 5, and nothing in the qualified answer to RFA No. 5 actually addresses whether Plaintiff "allowed" Ms. Davis to sign the INR paperwork.

The undersigned disagrees with Lincare that being aware of something is the same as allowing it to happen. Regardless, even if there is merit to Lincare's interpretation of

11

the objection and qualification in the response to RFA No. 5, the remedy is not for the Court to change Plaintiff's denial to RFA No. 6. Plaintiff's reliance on the qualified answer to RFA No. 5 cannot stand, however, as it does not respond to the substance of RFA No. 6, with the exception of the one sentence stating that: "Plaintiff did not direct Ms. Davis to sign the INR paperwork." If Plaintiff wishes to qualify her denial to RFA No. 6, then she may amend her answer to add an objection/qualification that (1) complies with Rule 36, and (2) responds directly to the substance of RFA No. 6. It must not contain unrelated and extraneous information added only to state her case. If she wishes to rely on her denial alone, she may do so, as that is a "sufficient" response, but she should amend the answer to make clear that it is an unequivocal denial. She should bear in mind the sanctions available under Rule 37 if Lincare proves at trial that the request should have been admitted and any objection asserted was not justified. Either way, the motion is **GRANTED**, in part, and **DENIED**, in part, as to RFA No. 6. Plaintiff is **ORDERED** to serve an amended answer to RFA No. 6, in keeping with the above, within **ten (10) days** of the date of this Order.

    C.    **Requests For Admission Nos. 7-10, 28, 29**

These requests all concern the disciplinary practices and policies at Lincare and ask Plaintiff to admit certain matters related to Lincare's rights to discipline its employees, as well as the forms of discipline used by Lincare.

> **RFA No. 7:** Admit that Lincare is permitted to discipline an employee for failure to discharge job duties in a satisfactory, professional, and/or efficient manner.
>
> **Response:** Objection. This Request does not call for the admission or denial of a fact that is within her knowledge, but rather asks Plaintiff to make a legal conclusion on a lawful termination. Further this Request is inappropriate as Plaintiff is without knowledge as what Lincare believes to

12

be appropriate or within its purview to do relating to personnel issues. As such, Plaintiff states: deny.

**RFA No. 8:** Admit that the discipline Lincare may impose on an employee for failure to discharge job duties in a satisfactory, professional, and/or efficient manner could include termination.

**Response:** See Request for Admission 7.

**RFA No. 9:** Admit that Lincare is permitted to discipline an employee for operating beyond the scope of their duties or training.

**Response:** See Request for Admission 7.

**RFA No. 10:** Admit that the discipline Lincare could impose on an employee for operating beyond the scope of their duties or training could include termination.

**Response:** See Request for Admission 7.

**RFA No. 28:** Admit that receiving a written warning is a form of discipline at Lincare.

**Response:** Objection. Plaintiff is without knowledge as to what is the factual basis for what Lincare believes to be a "form of discipline" and by extension Plaintiff cannot speak to whether a "written warning is a form of discipline at Lincare." As such, this Request is denied.

**RFA No. 29:** Admit that receiving a documented verbal warning is a form of discipline at Lincare.

**Response:** Objection. Plaintiff is without knowledge as to what is the factual basis for what Lincare believes to be a "form of discipline" and by extension Plaintiff cannot speak to whether a "verbal warning is a form of discipline at Lincare." As such, this Request is denied.

Lincare asserts that these requests for admission seek information regarding "Plaintiff's knowledge of the disciplinary system at Lincare and their application to the facts of this case." (ECF No. 135 at 9). Lincare argues that as a long-tenured employee of

13

Lincare, Plaintiff should be familiar with the disciplinary process at Lincare and should be able to admit that the grounds cited in her termination letter were in fact grounds for discipline at Lincare. (*Id.*). Lincare disagrees with Plaintiff's claim that Request Nos. 7-10 ask for legal conclusions; rather, in Lincare's view, they ask Plaintiff to apply the law to facts, which is clearly permissible under Rule 36. (*Id.* at 9-10). Lincare argues that Plaintiff did not properly assert lack of knowledge or information in answer to Request Nos. 28 and 29, because she failed to confirm that she had made a reasonable inquiry and the information she knows or could readily obtain was insufficient to enable her to admit or deny the request. (*Id.* at 10).

In response, Plaintiff states that she made clear in her answers that she did not have sufficient knowledge to properly respond to these requests. (ECF No. 143 at 12-13). She indicates that Lincare made equally clear to her that all disciplinary matters were within the exclusive province of the company's Human Resources Department, so Plaintiff had no involvement in that aspect of the company's activities. (*Id.*).

In its reply memorandum, Lincare disputes Plaintiff's claim that she was not involved in the disciplinary process. Lincare asserts that Plaintiff "sought" to have another employee disciplined, and Plaintiff gave the employee both verbal and written warnings; consequently, Plaintiff was well aware that those were measures used in Lincare's disciplinary process. (ECF No. 145 at 7). According to Lincare, the steps of the process were explained to Plaintiff by the Human Resources Department, making it disingenuous for Plaintiff to deny having knowledge of the types of discipline used by Lincare. (*Id.*). Lincare claims the requests do not ask for "abstract legal conclusions" but rather seek admissions about "permissible disciplinary processes under the policy of a company where Plaintiff worked for several years." (*Id.* at 8). Lincare attaches evidence, including

14

a portion of a deposition transcript, for the Court to review.

While Lincare is correct that requests for admission may seek the application of law to the facts of the case, requests for admission involving "pure matters of law" or legal conclusions are improper. As explained in 7 *Moore's Fed. Prac.* § 36.10[8] at 36-26 (3d ed. 2008) (footnotes omitted):

> Requests for admission may relate to the application of law to fact. Such requests should not be confused with pure requests for opinions of law, which are not contemplated by the rule. Nor are requests seeking legal conclusions appropriate when proceeding under Rule 36.

*See also* 8A Charles Wright, Arthur Miller, & Richard Marcus, *Fed. Prac. and Proc.* § 2255, 534 & n.8 (2d ed. 1994) (citing cases). It is not always easy to distinguish between a request seeking the application of facts to law and one seeking a legal conclusion, *Gross v. Guzman*, No. 11-23028-CIV, 2013 WL 12091159, at *10 (S.D. Fla. Jan. 25, 2013) ("Admittedly, the distinction between a request that impermissibly seeks the admission of an issue requiring the application of the law to the facts of a case and a request that impermissibly seeks the admission of a pure issue of law is not easy to draw.") (internal markings and citation omitted). However, if the request calls for a legal conclusion, even when applied to the operative facts in the case, it is improper; particularly, when the facts are in dispute. *Lakehead Pipe Line Co*, 177 F.R.D. at 458 ("Of course, requests for admission are not to be employed as a means 'to establish facts which are obviously in dispute or to answer questions of law.'") (quoting *Kosta v. Connolly,* 709 F. Supp. 592, 594 (E.D. Pa. 1989)).

Although Lincare represents in its motion and reply memorandum that RFA Nos. 7-10 seek admissions related to Lincare's internal disciplinary policies, the RFA Nos. 7-10 **do not** make that clarification. To the contrary, the requests are vague as to who or what

15

is the person/body/agency judging Lincare's employee discipline. Plaintiff assumed that the requests were asking her to admit what discipline Lincare was legally permitted to impose on the hypothetical employee under the circumstances stated in each request. The undersigned finds that to be a fair assumption based upon the wording of the requests. When employing that assumption, RFA Nos. 7-10 are improper because they ask Plaintiff to provide opinions on what Lincare is legally permitted to do in the realm of employee discipline. *Adventis, Inc. v. Consol. Prop. Holdings, Inc.*, 124 Fed. Appx. 169, 172 (4th Cir. 2005) (holding that Rule 36 limits itself to "admissions regarding purely factual matters or the application of law to facts, but not matters of law.") (citing *In re Carney,* 258 F.3d 415, 418 (5th Cir. 2001)). Lincare asserts that these requests ask Plaintiff to apply law to the facts of this case, which is permitted by Rule 36. But that is incorrect, because the facts that Plaintiff is asked to apply are not *uncontroverted* and established facts. To the contrary, the parties have apparently developed a record during discovery, and they strongly disagree over the operative facts. Requests for admission are not a vehicle to establish disputed facts. *Dowdy v. The Coleman Company,* No. 1:11-cv-00045-DAK-EJF, 2012 WL 5450039, at *1 (D. Utah 2012). Moreover, they are not a device "to have [the answering party] ratify what are, in essence, the legal conclusions that the [moving party] ha[s] attached to the operative facts of the case." *Roe v. Bishop of Charleston*, No. 2:21-CV-00020-RMG, 2021 WL 4272595, at *5 (D.S.C. Sept. 20, 2021) (quoting *Lakehead Pipe Line Co.*, 177 F.R.D. at 458).

Lincare claims that it terminated Plaintiff's employment for the reasons set forth in the termination letter and that those reasons were valid. Plaintiff claims that the reasons given in the termination letter were not valid because they were pretextual. So, whether Lincare is "permitted" to discipline a hypothetical employee on those grounds

16

(or whether such discipline is legal) depends on key facts that are in dispute in this action. As the court explained in *Lakehead Pipe Line Co.,* "[t]he quintessential function of Requests for Admissions is to allow for the narrowing of issues, to permit facilitation in presenting cases to the factfinder and, at a minimum, to provide notification as to those facts, or opinions, that remain in dispute." *Id.* at 457-58. Because these requests do not serve to narrow the issues and primarily seek Plaintiff's ratification of the legality of Lincare's discipline based upon a fact scenario, which is vigorously disputed by the parties, the motion is **DENIED** as to RFA Nos. 7-10.

With regard to RFA Nos. 28 and 29, these requests do not ask for a legal conclusion. Instead, they simply test Plaintiff's knowledge regarding Lincare's disciplinary process. Plaintiff's answers to these requests are confusing. She states in the answers that she lacks sufficient knowledge and thus cannot speak to whether written and verbal warnings are forms of discipline used by Lincare, but then she denies both requests in their entirety. In her memorandum, she reiterates that she lacks the knowledge to admit these requests. (ECF No. 143 at 13).

Lincare is correct. If Plaintiff is asserting that she is unable to admit or deny the requests because of a lack of knowledge or information, then she must explicitly state that she has made a reasonable inquiry and the information she knows or can readily obtain is insufficient to enable her to admit or deny the request. Plaintiff has failed to do this. Whether or not Lincare was consistent in how it disciplined employees is not the question. The requests simply ask if Lincare's disciplinary process included written warnings and documented verbal warnings as forms of discipline. If Plaintiff knows the answers, she should unequivocally admit or deny the requests. If she does not, she should provide an explanation of the steps she took to discover the answers and state why the information

is insufficient for her to provide a truthful admission or denial. *Erie Ins. Prop. & Cas. Co. v. Johnson*, 272 F.R.D. 177, 183–84 (S.D.W. Va. 2010) ("Rule 36 requires the responding party to make a reasonable inquiry, a reasonable effort, to secure information that is readily obtainable from persons and documents within the responding party's relative control and to state fully those efforts."). However, to say that she does not have sufficient information to answer the requests and then proceed to deny them is inconsistent and confusing. Therefore, the motion is **GRANTED** as to RFA Nos. 28 and 29. Plaintiff is **ORDERED** to serve an amended answer to RFA Nos. 28 and 29 within **ten (10) days** of the date of this Order.

The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED:** August 24, 2023

_____
Cheryl A. Eifert
United States Magistrate Judge