**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**JILLIAN WATKINS,**

> **Plaintiff,**

**v.**                                    **Case No.:  3:22-cv-00109**

**LINCARE, INC.,**

> **Defendant.**

**<u>MEMORANDUM OPINION and ORDER</u>**

Pending before the Court is Plaintiff's Motion to File a Supplemental Brief in Support of her Motion to Compel Discovery Responses from Defendant Lincare, Inc. ("Lincare"). (ECF No. 160). Plaintiff asserts in this action that Lincare wrongfully discharged her in retaliation for her reporting of fraudulent billing in federally funded programs, which Lincare ultimately had to repay. (ECF No. 116). In her pending Motion to Compel, Plaintiff asks the Court to order Defendant to produce (1) the *qui tam* complaints[1] filed against Lincare for the period of five years before Plaintiff's lawsuit was filed to the present and (2) documents that contain or purport to contain allegations of fraudulent billing practices at Lincare following Plaintiff's termination in January 2021. (ECF No. 142 at 6, 11). Lincare opposes producing the information because this action is not about whether Lincare defrauded the federal government, but whether Lincare retaliated against Plaintiff for reporting suspected wrongdoing. (ECF No. 154 at 1).

---

[1] "*Qui tam*" actions permit private individuals to sue on behalf of the United States to recover money that was fraudulently obtained by a person or corporation. As stated by Plaintiff, the False Claims Act is a *qui tam* statute. (ECF No. 142 at 8).

Lincare maintains that it is irrelevant and not proportional to the needs of the case to have minitrials on Lincare's alleged wrongdoing. (*Id.* at 2).

In her reply brief to the motion to compel, Plaintiff cited a $29 million settlement announced on August 28, 2023 in a *qui tam* action against Lincare in the United States District Court for the Eastern District of Washington, alleging the fraudulent overbilling of Medicare for oxygen equipment. (ECF No. 157 at 10 n.8). Plaintiff now seeks to file a supplemental brief in support of her motion to compel addressing that settlement. (ECF No. 160 at 1). Plaintiff asserts that she has obtained a copy of the settlement agreement, which makes clear that the relators in that case, who were former Lincare employees, informed Lincare of their concerns regarding improper billing for oxygen equipment, and Lincare responded that it had a nationwide practice to continue billing for the equipment until Medicare denied the claims. (*Id.* at 2). Lincare also supposedly admitted in the settlement agreement that it did not take steps to change its billing practices or identify other instances of overbilling even when the claims were denied. (*Id.*).

According to Plaintiff, because the *qui tam* action mentioned above was unsealed only two days before her reply was due and her lead counsel was on vacation, she did not appreciate the significance of Lincare's admissions in that matter until after she filed her reply brief. (*Id.*). She asserts that the information from that settlement demonstrates her need to obtain similar information from Lincare to support her claim that she was terminated for reporting fraudulent billing under the False Claims Act. Plaintiff asks to file a supplemental brief "to provide a full analysis of how Lincare's recent admission that it knew of fraudulent billing practices relating to oxygen equipment but failed to change them bears on the issues in Plaintiff's Motion to Compel, which seeks information about similar cases." (*Id.*).

2

Reviewing all of the information submitted by the parties, the Court finds that the arguments, issues, and relevant law are thoroughly addressed in the briefs that have already been filed concerning the Motion to Compel. The Court fully appreciates Plaintiff's contentions that the information sought is relevant to her lawsuit and Lincare's opposing arguments. Therefore, as the Court concludes that additional briefing would not assist in resolving the Motion to Compel, Plaintiff's motion to file a supplemental brief, (ECF No. 160), is **DENIED**.

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented party.

**ENTERED:**  September 8, 2023

Cheryl A. Eifert
United States Magistrate Judge