IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**JILLIAN WATKINS,**

      **Plaintiff,**

v.                                           Case No.:  3:22-cv-00109

**LINCARE, INC.,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion for Leave to File Brief Sur-Reply Regarding Plaintiff's Motion to Compel Discovery. (ECF No. 162). Plaintiff asserts in this case that she was wrongfully discharged in retaliation for reporting fraudulent billing in federally funded programs. (ECF No. 116). The parties fully briefed Plaintiff's pending Motion to Compel concerning past *qui tam* actions and allegations of fraudulent billing against Defendant. (ECF Nos. 141, 142, 154, 157). Plaintiff sought to file a supplemental brief concerning a *qui tam* settlement against Lincare in the United States District Court for the Eastern District of Washington. (ECF No. 160). According to Plaintiff, the settlement agreement demonstrated the need for her to obtain information of other *qui tam* actions and allegations of wrongdoing because it showed that Defendant had a pattern of practice of defrauding the government and retaliating against the whistleblowers who reported it. (*Id.*). As the parties are aware, the Court denied Plaintiff's request to file a supplemental brief because the arguments, issues, and relevant law were thoroughly addressed in the parties' briefs, and additional briefing would not assist the

1

Court in resolving the Motion to Compel. (ECF No. 161).

Defendant now moves to file a surreply for essentially the same reason that Plaintiff wanted to file a supplemental brief. (ECF No. 162). Plaintiff argued that the Washington *qui tam* action was relevant to the issues in this case and reinforced her need for similar information. Conversely, Defendant contends that the Washington *qui tam* settlement is wholly irrelevant and does not demonstrate Plaintiff's need for the information sought. On that point, Defendant notes that the Washington settlement involved a completely different billing practice than Plaintiff reported; there was no allegation of retaliation in that matter; and the lawsuit or settlement could not have affected her "good faith" reporting of wrongdoing because she was not aware of it until August 2023, long after she reported the alleged wrongdoing. (ECF No. 162-1 at 2, 4).

The Court fully appreciates the parties' positions on the issues and concludes that further briefing will not assist in resolving the discovery motion. Therefore, Defendant's Motion for Leave to File Brief Sur-Reply Regarding Plaintiff's Motion to Compel Discovery, (ECF No. 162), is **DENIED**.

The Clerk is instructed to provide a copy of this Order to counsel of record and any unrepresented party.

**ENTERED:** September 11, 2023

Cheryl A. Eifert
United States Magistrate Judge