IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JILLIAN WATKINS,

          Plaintiff,

v.                               CIVIL ACTION NO.  3:22-0109

LINCARE, INC.,

          Defendant

## MEMORANDUM OPINION AND ORDER

Pending is Defendant Lincare Inc.'s Motion to Reconsider One Point in Order on Motion for Summary Judgment with Respect to *Harless* Claim. ECF No 225. On April 26, 2024, the Court issued a memorandum opinion and order on Lincare's motion for summary judgment. In the Court's analysis of Lincare's motion as to Count II of Watkins' Amended Complaint, the Court stated as follows:

> The Court recognizes that generally a *Harless* claim cannot stand when there is a state statute settling forth a remedy for the public policy at issue and the same facts underlie both claims. *See Adkins v. Cellco P'ship, Inc.,* No. CV 3:17-2772, 2017 WL 2961377, at *4 (S.D.W. Va. July 11, 2017) ("The purpose of the Harless-based claim was to prevent the termination of employees when such termination contravened public policy, specifically when no other private cause of action could enforce the public policy at issue."); *Hawley v. Hospice of Huntington, Inc.*, No. CV 3:19-0759, 2021 WL 517049 (S.D.W. Va. Feb. 11, 2021); *Griffith v. Chemours Co.*, No. 2:21-CV-00368, 2021 WL 4303391 (S.D.W. Va. Sept. 21, 2021); *Daniel v. Raleigh Gen. Hosp. LLC*, No. 5:17-CV-03986, 2018 WL 3650248 (S.D.W. Va. Aug. 1, 2018). And, in this case, the Court agrees with Lincare that *if* the [West Virginia Patient Safety Act] applies to Watkins, the Act's anti-waste provision—which protects certain individuals who make claims of abuse, misuse, or loss of funds belonging to any federal program—would likely supplant a *Harless* claim based on the substantial policy set forth in the False Claims Act.

> However, unlike the WVPSA, which applies only to "health care workers," the FCA applies to "citizens." Thus, inasmuch as Lincare has reserved its right to contest that the WVPSA does not apply to Watkins because she is not a "health care worker" as defined by the Act, it cannot assert that the broader *Harless* claim is superseded. Should the Court find at trial that Watkins was not a health care worker, the *Harless* claim would most certainly not be covered by the anti-waste provision of the WVPSA. *See, e.g.*, *Williamson v. Greene*, 490 S.E.2d 23, 33 (W. Va. 1997) (holding plaintiff could maintain a *Harless* public policy claim where West Virginia Human Rights Act claim failed to provide a remedy because the defendant was not an "employer" under the Act). Consequently, the Court is unable to outright dismiss the *Harless* claim.

*Watkins v. Lincare, Inc.*, No. 3:22-cv-0109, 2024 WL 1838964, at *11 (S.D.W. Va. Apr. 26, 2024) (footnotes omitted). In sum, the Court denied Lincare's motion with respect to the *Harless* claim in Count II because of Lincare's affirmative statements that it was reserving the right to contest that Watkins is a "health care worker" as defined by the West Virginia Patient Safety Act ("WVPSA").

In the present motion, Lincare submits that in a February 26, 2024 "Opposition to Plaintiff's Motion to File Sur-Reply in Opposition to Defendant's Motion for Summary Judgment," it conceded that Watkins is a "health care worker" under the WVPSA. Mot to Reconsider at 1–2 (citing ECF No. 215, at 8 n.8 ("Having further reviewed the WVPSA since the SJ Hearing, Lincare does not intend to assert that defense to the WVPSA claim.")). Lincare confesses that it did not include this concession in any substantive briefing on its motion for summary judgment. *Id.* at 2.

Pursuant to Federal Rule of Civil Procedure 54(b), the Court has discretion to revise its orders prior to the entry of final judgment. *See Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003); *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983) (noting "every order short of a final decree is subject to reopening at the discretion of the district judge").

"Although Rule 54(b) does not specify grounds for seeking reconsideration, the Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Employers' Innovative Network, LLC v. Bridgeport Benefits, Inc.*, No. 5:18-CV-01082, 2019 WL 8160984, at *1 (S.D.W. Va. Sept. 17, 2019) (Berger, J.) (quoting *Howard v. W. Va. Div. of Corr.*, No. 2:13-CV-11006, 2016 WL 1173152, at *5 (S.D.W. Va. Mar. 22, 2016) (Johnston, J.)).

In the Court's order on summary judgment, it advised that Watkins' *Harless* claim remained live solely because Lincare's "reserved" its right to challenge Watkins' status as a heath care worker. *See Watkins*, 2024 WL 1838964, at *11 n.20 ("Admittedly, the Court finds Lincare's failure to argue the "health care worker" element of the WVPSA on summary judgment curious, as reserving the issue for trial means the Court must leave Watkins' *Harless* claim alive."). Inasmuch as Lincare has demonstrate it conceded Watkins' health care worker status on the record prior to the entry of the Court's order on summary judgment—although inexplicably not in any of its substantive briefing on the motion—the Court finds revision of its summary judgment order is warranted to correct an error and to prevent manifest injustice. Accordingly, Lincare's motion (ECF No. 125), is **GRANTED**, and Count II of Watkins' Amended Complaint is dismissed.[1]

---

[1] The Court observes that it has not allowed Watkins the opportunity to respond to Lincare's current motion. Nevertheless, the Court's ruling here is consistent with the conclusions of law set forth in the Court's memorandum opinion order on the fully briefed motion for summary judgment. *Cf. Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg L.P.*, 756 F.3d 73, 80 (2d. Cir. 2014) (noting that a court may *sua sponte* enter summary judgment where the court has "assure[d] itself that following the procedures set out in Rule 56 would not alter the outcome").

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

        ENTER:    April 30, 2024

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE