UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

|  |  |
|---|---|
| JILLIAN WATKINS,<br>    Plaintiff,<br>  v.<br>LINCARE INC.,<br>    Defendant. | C.A. No. 3:22-cv-00109 |

### DEFENDANT LINCARE INC.'S MOTION IN LIMINE TO EXCLUDE DOCUMENTS AND TESTIMONY RELATING TO PAST COMPLAINTS AND SETTLEMENTS[1]

Pursuant to the Court's Order (ECF No. 223) and the Federal Rules of Evidence, Defendant Lincare Inc. ("Lincare") moves to exclude testimony, evidence, suggestion, or other inferences regarding past False Claims Act ("FCA") complaints alleging violations or settlements that Lincare has entered into. This evidence includes, but is not limited to, Plaintiff's proposed exhibits previously filed as ECF No. 160-1 and proposed exhibit with the Bates number LINCARE003442-3623.[2]

Evidence or other references regarding past FCA complaints or settlements do not have a tendency to make a fact more or less probable than it would be without the evidence, and is therefore not relevant under Fed. R. Evid. 401 and inadmissible under Fed. R. Evid. 402. Even if the evidence were relevant, it should be excluded under Fed. R. Evid. 403, because its probative value is substantially outweighed by a danger of unfair prejudice against Lincare, and of confusing the issues at trial. The fact of Lincare's prior settlements is not admissible to "either

---

[1] The documents at issue in this motion include one settlement agreement and seven complaints or amended complaints.

[2] This Motion does not pertain to the recent settlement by Lincare with the United States of the investigation conducted by the United States Attorneys' Office for the Southern District of New York, which should be excluded for the reasons set forth in a separate Motion *in Limine*.

prove or disprove the validity or amount of a disputed claim" pursuant to Fed. R. Evid. 408.  It also constitutes improper character evidence under Fed. R. Evid. 404.

As argued more fully in Lincare's Opposition to Plaintiff's Motion to Compel Discovery Responses from Defendant Lincare, Inc. (ECF No. 154), evidence of past settlements is not relevant because it has no connection to Plaintiff's termination and whether it was retaliatory.  This is even more applicable to the complaints that Plaintiff has proffered as exhibits, which are nothing more than allegations of wrongdoing.

Plaintiff does not bring an FCA claim, but instead brings a claim for retaliation under the West Virginia Patient Safety Act ("WVPSA").  For purposes of the WVPSA, it is irrelevant whether Lincare was actually engaged in the activities Plaintiff reported; it is only relevant whether Lincare took action against Plaintiff in retaliation for her reports.  Allegations of unrelated past fraudulent actions do not make it more or less likely that Lincare retaliatorily terminated the Plaintiff, especially where the past settlements do not involve claims of retaliation.

Even were the evidence relevant, it would only serve to confuse the issues at trial and prejudice Lincare.  There is no probative value to prior complaints or settlements because they involve *allegations* of fraudulent billing, and often do not involve any finding or admission of liability by Lincare  In addition, presenting evidence of past settlements at trial would require Lincare to litigate the issue of whether it was actually engaged in fraud in each of the prior settlements, which is irrelevant to the elements of a WVPSA claim.  It would also require Lincare to defend its actions in a wholly unrelated investigation.

It is for this reason that evidence of past settlements is not admissible to prove the validity of a disputed claim, including whether Lincare is liable for improper conduct in this

matter. Fed. R. Evid. 408. Where a company's settlement practices in general are not at issue—which they are not in the case at hand—information regarding prior litigation involving that company is not only not relevant, but is inadmissible under Fed. R. Evid. 408.

Evidence of prior allegations or settlements is also not admissible as evidence of Lincare's character to prove that on this occasion, Lincare acted in accordance with that character or trait. Fed. R. Evid. 404. There is a high risk that should this evidence be presented at trial, that it would be used for such an improper purpose.

**WHEREFORE**, Lincare respectfully requests that the Court grant its *Motion in Limine* and exclude testimony, evidence, suggestion, or other inferences regarding past FCA complaints and settlements, and grant such other relief as it deems just and proper.

> Respectfully submitted,
>
> LINCARE INC.,
>
> By its attorneys,
>
> */s/ Vivian Basdekis*
> Vivian H. Basdekis (WVSB #10587)
> FROST BROWN TODD LLP
> 500 Virginia Street Suite 1100
> Charleston, West Virginia 25301
> (304) 345-0111 (t)
> (304) 345-0115 (f)
> vbasdekis@fbtlaw.com
>
> Lawrence M. Kraus (PHV-51108)
> Lea Gulotta James (PHV-51109)
> FOLEY & LARDNER LLP
> 111 Huntington Avenue
> Boston, Massachusetts 02199
> (617) 342-4000 (t)
> (617) 342-4001 (f)
> lkraus@foley.com
> ljames@foley.com

Dated: May 7, 2024

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT HUNTINGTON

| | |
|---|---|
| JILLIAN WATKINS,<br>　　　　　Plaintiff,<br>　v.<br>LINCARE INC.<br>　　　　　Defendant. | )<br>)<br>)<br>)   C.A. No. 3:22-cv-00109<br>)<br>)<br>)<br>)<br>) |

## **CERTIFICATE OF SERVICE**

　　　　I, Vivian H. Basdekis, hereby certify that on this 7th day of May, 2024, I caused the foregoing DEFENDANT LINCARE INC.'S MOTION IN LIMINE TO EXCLUDE DOCUMENTS AND TESTIMONY RELATING TO PAST COMPLAINTS AND SETTLEMENTS to be served on counsel of record through the CM/ECF system, which will provide notification to the following:

Rodney A. Smith  
M. Alex Urban  
Rod Smith Law PLLC  
108 ½ Capitol Street, Suite 300  
Charleston, WV 25301  
rod@lawwv.com  
aurban@lawwv.com  
*Counsel for Jillian Watkins*

Guy R. Bucci  
Ashley N. Lynch  
108 ½ Capitol Street, Suite 200  
Charleston, WV 25301  
guy.bucci@outlook.com  
ashleynlynch@outlook.com  
*Counsel for Jillian Watkins*

　　　　　　　　　　　　　　　　　　　　　　　 */s/ Vivian Basdekis*  
　　　　　　　　　　　　　　　　　　　　　　　Vivian H. Basdekis (WV State Bar 10587)

4